AO 91 (Rev 11/11) Criminal Complaint Auth AUSA K Nair                                C&W 19-133

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 19-1970-M |
| Shakee CLEMMONS | ) | |
| | ) | **FILED** NOV 2 5 2019 KATE BARKMAN, Clerk By _____ Dep. Clerk |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  November 22, 2019  in the county of  Northampton  in the Eastern District of Pennsylvania, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code Section 922(g)(1) | On or about November 22, 2019, in Easton, Northampton County, in the Eastern District of Pennsylvania, defendant Shakee CLEMMONS knowing he had previously been convicted of a crime in a court of the State of New Jersey punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, that is a Phoenix Arms Model HP22A, 22 caliber semi-automatic pistol, bearing serial number 4249318, and the firearm was in and affecting interstate and foreign commerce |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Complainant's signature*

Joseph B. Cain Jr., Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/22/2019

*Judge's signature*

City and state:   Allentown, PA             The Hon Henry S Perkin, U S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Joseph B. Cain Jr., being duly sworn, do hereby state as follows:

### INTRODUCTION AND BACKGROUND

1. I am a Special Agent (SA) with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been employed since July of 2015. I am currently assigned to the ATF Reading Field Office, in Reading, Pennsylvania. I was trained as an ATF Special Agent at the Federal Law Enforcement Training Center in Glynco, Georgia. I am also a graduate of the United States Secret Service Academy in Beltsville, Maryland. Since being employed as an ATF Special Agent, I have participated in multiple investigations involving the illegal possession and illegal transfer of firearms. Additionally, I have participated in numerous instances of physical and electronic surveillance. I have interviewed informants, defendants, and other individuals related to these investigations. I have also written numerous reports and analyzed documents related to the above stated investigations. I have participated in the execution of numerous search warrants and arrest warrants that have resulted in the seizure of illegal drugs, firearms, and other evidence.

2. As a Special Agent with ATF, I am vested with the authority to investigate violations of Federal law, including Title 18, 21, and 26 of the United States Code.

3. As part of my duties, I participated in the investigation of Shakee CLEMMONS, who has illegally possessed a firearm in the Eastern District of Pennsylvania. ATF's investigation has revealed that CLEMMONS, a convicted felon, agreed to sell a firearm to a convicted felon in the State of Pennsylvania.

1

## PURPOSE OF AFFIDAVIT

4. This affidavit is provided in support of a Criminal Complaint and Arrest Warrant charging CLEMMONS being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

5. The facts in this affidavit come from my personal observations and investigation, my training and experience, and information obtained from my discussions with other agents, local law enforcement officers, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested arrest warrant and does not set forth all of my knowledge about this matter or all information learned in the course of this investigation.

## FACTS ESTABLISHING PROBABLE CAUSE

6. In November 2019, an ATF Confidential Informant (CI) contacted SA Cain with information that Shakee CLEMMONS was trying to sell a firearm that is "dirty" from Newark, NJ as soon as possible. The CI stated that the term "dirty" meant the firearm was used in a homicide. The CI stated the firearm in question is a .22 caliber pistol.

7. The CI communicated with CLEMMONS on November 20, 2019 and November 21, 2019 regarding the sale of the firearm. CLEMMONS agreed to sell the firearm on Friday, November 22, 2019, to the CI for $250 in U.S. Currency.

8. SA Cain conducted an NCIC Criminal History query on Shakee CLEMMONS that revealed multiple felony convictions in New Jersey. On or about November 28, 2012, South Orange Police Department (New Jersey) arrested CLEMMONS for felony 3rd degree burglary, in violation of New Jersey Criminal Statute 2c:18-2. On or about January 20, 2015, CLEMMONS was convicted in a court in the State of New Jersey for felony burglary, 3rd degree, in violation of 2c:18-2, under AOC case number ESX12007962-001.

9. On November 22, 2019, ATF conducted a monitored meeting for the sale of the firearm in question between the ATF CI and CLEMMONS. The ATF searched the CI and the CI's vehicle for weapons and illegal contraband before the scheduled meeting, and both were negative for the presence of firearms and ammunition. ATF then followed the CI, who picked up CLEMMONS, and then drove to the predetermined meeting location in Easton, Pennsylvania. ATF kept the CI's vehicle under constant observation, until its arrival in a parking lot at 625 N. Delaware Avenue, Easton, Northampton County. ATF agents had previously directed the CI to remove the firearm from the vehicle, and the ATF recovered the firearm from the parking lot near the CI. The firearm was an unloaded, Phoenix Arms Model HP22A, .22 caliber semi-automatic pistol, bearing serial number 4249318. CLEMMONS was in possession of four live rounds of .22 caliber ammunition when he was arrested. ATF searched the CI and the CI's vehicle, and both were free of any additional firearms and ammunition. ATF warned CLEMMONS of his Miranda Rights, which he waived, and agreed to speak to ATF. In summary, CLEMMONS admitted that he had provided the previously described firearm to the CI and that he knew he could not possess a firearm as a convicted felon.

## CONCLUSION

10. Based on the above information, there is probable cause to believe that CLEMMONS, who knows he is a felon, possessed a firearm. As a result, there is probable cause to arrest CLEMMONS for violating Title 18, United States Code, Section 922(g)(1).

JOSEPH B. CAIN JR.
Special Agent, ATF

Sworn and subscribed before me this 22nd day of November, 2019.

THE HONORABLE HENRY S. PERKIN
United States Magistrate Judge

4